UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x
                              :

PAOLA SANCHEZ, ARTURO CUAUTLE,    :
JOSIAS RUMBO, and SERGIO RAMIREZ on  :
behalf of themselves and all others similarly  :      Civil Action No.
situated,                                :

                        Plaintiffs,   :      **CLASS ACTION**
                                :      **COMPLAINT**

        - against -             :

KAMBOUSI RESTAURANT PARTNERS, LLC,  :
KOPY DINER LLC, and/or any other business  :
entity doing business as "ROYAL COACH  :
DINER," and KONSTANTINOS PAXOS,    :
individually,                       :

                        Defendants.  :

-------------------------------------------------------------------- x

      Plaintiffs Paola Sanchez, Arturo Cuautle, Josias Rumbo, and Sergio Ramirez,

individually and on behalf of all similarly situated, as class representatives, upon personal

knowledge as to themselves and upon information and belief as to other matters, allege as

follows:

<u>**PRELIMINARY STATEMENT**</u>

      1.      This is a class and collective action by the waiters, bussers, dishwashers,

and counter servers ("food service employees") at the Royal Coach Diner in the Bronx.  These

low-wage workers often work 50 to 60 hours per week in order to keep the Diner operational, as

its website proudly proclaims, "24/7, 365 DAYS A YEAR."  In return for their labor, the Royal

Coach Diner pays them as little as $1.75 or $2.00 per hour; this is a fraction of the minimum

wage required by federal and New York state law.  The diner also fails to pay the food service

employees time and one-half for their overtime hours, and additionally violates other wage

1

payment provisions of the law.  The food service employees of the Royal Coach Diner bring this lawsuit to rectify these wage and hour violations orchestrated by its owner and operator Konstantinos Paxos.

## NATURE OF ACTION

2.      Plaintiffs are food service employees at the Royal Coach Diner, located at 3260 Boston Road in the Bronx, New York.

3.      Defendant Konstantinos Paxos ("Paxos") owns and operates the Royal Coach Diner through Kambousi Restaurant Partners, LLC d/b/a Royal Coach Diner and Kopy Diner LLC d/b/a Royal Coach Diner (Kambousi and Kopy together, "Royal Coach Diner") (Paxos and Royal Coach Diner together, "Defendants").

4.      Defendants paid Plaintiffs and other food service employees sub-minimum hourly wages.

5.      Defendants failed to pay overtime compensation at a rate of one-and-one half times the minimum wage for all hours in a workweek exceeding forty hours per week.

6.      Defendants failed to pay "spread of hours" compensation equal to one hour's pay at the minimum wage for each workday in excess of 10 hours.

7.      Defendants also failed to provide its food service employees with proper wage statements and wage notices.

8.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of the Defendants who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage-and-hour provisions of the FLSA that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

9.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of the Defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

10.     Additionally, Defendants terminated the employment of Plaintiff Arturo Cuautle on June 23, 2015 upon learning that Cuautle was participating in a New York State Department of Labor investigation into Defendants' wage and hour practices.  Cuautle brings this action on behalf of himself to remedy this retaliation, which was in violation of both the FLSA and the NYLL.

## JURISDICTION AND VENUE

11.     This Court has original federal questions jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

12.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13.     Plaintiffs' state law claims are so closely related to their claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Upon information and belief, all Defendants are subject to personal jurisdiction in New York.

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

### A.  The Plaintiffs

**Paola Sanchez**

16.   Plaintiff Paola Sanchez ("Sanchez") is an adult individual who is a resident of the Bronx, New York.

17.   Sanchez was employed by Defendants as a waiter from approximately April 2012 through May 2015.

18.   Sanchez is a covered employee within the meaning of the FLSA and NYLL.

19.   At all relevant times, Defendants paid Sanchez an hourly rate of $1.75 per hour.

20.   Sanchez typically worked five days per week, between nine to twelve hours per day depending upon the day of the week, and typically totaling more than 50 hours per week.

21.   Sanchez was not paid one-and-one half times the minimum wage for the hours in a workweek exceeding forty hours per week.

22.   Defendants paid Sanchez at an hourly rate below the minimum wage, and Defendants do not qualify for the "tip credit," see paragraphs 82 to 91 below.

**Josias Rumbo**

23.   Plaintiff Josias Rumbo ("Rumbo") is an adult individual who is a resident of the Bronx, New York.

24.   Rumbo was employed by Defendants as a busser and waiter from approximately June 2008 through May 2011 and again from approximately February 2013 through the present.

25.   Rumbo is a covered employee within the meaning of the FLSA and the NYLL.

26.   Rumbo worked as a busser from July 2008 through May 2011 and was paid an hourly rate of $2.00 per hour.

4

27.     During that time, Rumbo typically worked five days per week, twelve hours per day, totaling approximately 60 hours per week.

28.     From approximately February 2013 through the present, Rumbo was employed as a waiter and paid $1.75 per hour.

29.     From approximately February 2013 until early 2014, Rumbo worked six days per week, eleven hours per day, totaling approximately 66 hours per week.

30.     Between approximately mid-2014 through the present, Rumbo worked five days per week, either ten or eleven hours per day, depending upon the day of the week, and typically totaling approximately 54 hours per week.

31.     Rumbo was not paid one-and-one half times the minimum wage for the hours in a workweek exceeding forty hours per week.

32.     Defendants paid Rumbo at an hourly rate below the minimum wage, and Defendants do not qualify for the "tip credit," see paragraphs 82 to 91 below.

**Arturo Cuautle**

33.     Plaintiff Arturo Cuautle ("Cuautle") is an adult individual who is a resident of the Bronx, New York.

34.     Cuautle was employed by Defendants as a dishwasher, busser, and waiter from approximately June 2007 through June 2015.  Since approximately July 2009, he was employed as a waiter.

35.     Cuautle is a covered employee within the meaning of the FLSA and the NYLL.

36.     As a waiter, Defendants paid Cuautle $1.75 per hour.

37.     Until June 2014, Cuautle typically worked six days per week, ten hours per day, totaling approximately 60 hours per week.

38.     From June 2014 to June 2015, Cuautle typically worked six days per week, typically nine or twelve hours per day (and one day with a shift of seven hours), depending upon the day of the week, and typically totaling approximately 60 hours per week.

39.     Cuautle was not paid one-and-one half times the minimum wage for the hours in a workweek exceeding forty hours per week.

40.     Defendants paid Cuautle at an hourly rate below the minimum wage, and Defendants do not qualify for the "tip credit," see paragraphs 82 to 91 below.

41.     Additionally, the New York State Department of Labor began an investigation into the Defendants' wage and hour practices in late May 2015.  Cuautle participated in that investigation and spoke to his co-workers, in mid-June 2015, to seek their support in order to recover his unpaid wages.

42.     Defendants subsequently became aware of this activity.

43.     Defendants terminated Cuautle's employment on June 23, 2015 as a result of his participation in the Department of Labor investigation and his efforts to recover his unpaid wages.

**Sergio Ramirez**

44.     Plaintiff Sergio Ramirez ("Ramirez") is an adult individual who is a resident of the Bronx, New York.

45.     Ramirez was employed by Defendants as both a dishwasher and a busser between January 2011 through December 2014 and again from February 2015 to the present.

46.     Ramirez is a covered employee within the meaning of the FLSA and the NYLL.

47.     During approximately the first six months of his employment, Ramirez worked as a dishwasher.  He typically worked six days per week, eleven hours per day, and was paid

approximately $350.00 per week.  If he worked more or less than 66 hours in the week, he was paid $5.00 more or less per hour for the week.

48.     During all other relevant times, Ramirez split his time between working in the kitchen and as a busser.  Ramirez generally worked three days per week as a busser and three days per week as a dishwasher.

49.     During the three days per week that Ramirez worked as a busser, he worked three twelve-hour shifts until 2014, and in 2014 until the present worked three eleven-hour shifts. For these three days of work, Ramirez was paid a total of $64.00.

50.     During the three days per week that Ramirez worked as a dishwasher, until February 2015, Ramirez worked approximately 35 hours per week and was paid $150 for this work.  Since February 2015, Ramirez has worked 30 hours per week and was paid $240 for this work.

51.     Ramirez was not paid one-and-one half times the minimum wage for the hours in a workweek exceeding forty hours per week.

52.     Defendants paid Ramirez at an hourly rate below the minimum wage, and Defendants do not qualify for the "tip credit," see paragraphs 82 to 91 below.

**B.  The Defendants**

53.     Defendants Kambousi Restaurant Partners, LLC, Kopy Diner LLC and Konstantinos Paxos employed or jointly-employed Plaintiffs and similarly situated employees at all relevant times.

54.     Upon information and belief, Defendant Kambousi Restaurant Partners, LLC is a domestic New York business corporation with a principal place of business at 3260 Boston

Road, Bronx, New York 10469, and a New York Department of State service of process address at 2 City View Drive, New City, New York 10956.

55.     Upon information and belief, Kambousi Restaurant Partners, LLC, does business under the name of Royal Coach Diner.

56.     Upon information and belief, Kambousi Restaurant Partners, LLC, d/b/a/ Royal Coach Diner, is a covered employer of Plaintiffs and those similarly situated employees within the meaning of the FLSA and NYLL.

57.     Upon information and belief, Defendant Kopy Diner LLC is a domestic New York business corporation with a principal place of business at 3260 Boston Road, Bronx, New York 10469, and a New York Department of State service of process address at 2 City View Drive, New City, New York 10956.

58.     Upon information and belief, Kopy Diner LLC also does business under the name of Royal Coach Diner.

59.     Upon information and belief, Kopy Diner LLC is a covered employer of Plaintiffs and those similarly situated employees within the meaning of the FLSA and NYLL.

60.     Upon information and belief, Defendant Konstantinos Paxos is a resident of New York residing at 2 City View Drive, New City, New York 10956.

61.     Defendant Konstantinos Paxos is a covered employer of Plaintiffs and those similarly situated employees within the meaning of the FLSA and NYLL as, upon information and belief, at all relevant times, he is the sole owner of all of the corporate entities (Kambousi Restaurant Partners, LLC and Kopy Diner LLC) doing business as the Royal Coach Diner, and maintained complete operational control over the corporate Defendants.

62.     Paxos had the power to personally hire and fire employees (including the waiters, counter servers, bussers, and dishwashers), set their hours and wages, determine methods of payment, direct and supervise their work, maintain their employment records, and otherwise control the terms and conditions of employment.

63.     Paxos had the power to overrule his mid-level managers concerning employees' requests to modify their schedules or change their rate of pay.  He also approved or rejected the hiring decisions of his mid-level managers, and was responsible for directly hiring those mid-level managers.

64.     Paxos maintains an office at the Royal Coach Diner.  He currently is present on the site seven days per week.  Prior to the 2015 New York State Department of Labor investigation into Defendants' wage and hour practices, Paxos would be on-site at the Diner at least two days per week.

65.     Paxos' decisions about how the Diner would operate directly affected the nature and condition of the plaintiffs' employment, and, as sole owner, Paxos' decisions were final -- he made the ultimate decisions about how the company was run, about its employment practices, and no person had the power to overrule his decisions.

66.     Each Defendant has had substantial control of the working conditions of the Plaintiffs and those similarly situated employees, and over the unlawful policies and practices alleged herein, and the Defendants employed or jointly employed Plaintiffs at all relevant times within the meaning of the FLSA and NYLL.

67.     Upon information and belief, Defendants Kambousi Restaurant Partners, LLC and Kopy Diner LLC are enterprises or a single integrated enterprise engaged in interstate commerce within the meaning of the FLSA in that they (a) have employees engaged in

commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) have an annual gross volume of sales not less than $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons that worked as waiters, bussers, dishwashers, and counter servers employed by Defendants at the Royal Coach Diner on or after the date that is three years before the filing of the Complaint in this case and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

69.     At all relevant times Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, plans and common policies, programs, practices, procedures, protocols, routines, and rules that willfully failed and refused to pay them at the legally required minimum wage for all hours worked and willfully failed and refused to compensate Plaintiffs and the FLSA Collective Plaintiffs at a rate of one and one half times the their regular hourly rate for hours worked in excess of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

70.     The FLSA Collective Plaintiffs are readily ascertainable.  The number and identity of the FLSA Collective Plaintiffs should be determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rates of pay for each FLSA Collective Plaintiff should also be determinable from Defendants' records.  For the

purpose of notice and other purposes related to this action, the FLSA Collective Plaintiffs' names

and addresses should be readily available from Defendants' records.  Notice can be provided to

the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b) via first class mail to the last

address known to Defendants; if those addresses are not known to Defendants, notice can be

accomplished through social media, the press, and/or text message.

## CLASS ACTION ALLEGATIONS

71.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief,

the NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of

themselves and a class of persons consisting of:

> all waiters, bussers, dishwashers, and counter servers employed by the
> Defendants at the Royal Coach Diner between six years prior to the filing of this
> Complaint and the date of final judgment in this matter (the "Class Period").

72.     All of those persons, including Plaintiffs, are referred to herein as the "Class."

The Class members are readily ascertainable.  The number and identity of the Class members

should be determinable from the records of Defendants.  The hours assigned and worked, the

positions held, and the rates of pay for each Class member should also be determinable from

Defendants' records.  For purposes of notice and other purposes related to this action, their

names and addresses should be readily available from Defendants.  Notice can be provided by

means permissible under F.R.C.P. 23.

73.     The proposed Class is so numerous that joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the Court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there

are more than forty (40) members in the Class.

74.     Plaintiffs' claims are typical of those claims which would be alleged by any individual member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions.  Plaintiffs and all the Class members are or were employed by Defendants and were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, spread of hours, overtime compensation, and providing the proper notices and paystubs required by law.  Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.  Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

75.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interest antagonistic to the Class.  Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented employees in wage and hour cases.

76.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation involving low-wage workers where individual class members often lack the financial resources to prosecute a lawsuit.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions include.  Given that the losses, injuries and damages suffered by each of the individual Class members are small from the class action analysis perspective, the expenses and burden of individual litigation would make it difficult or impossible for the individual Class members to

redress the wrongs done to them.  Meanwhile, important public interests will be served by addressing the matter as a class action.  Adjudication of individual claims would result in a great expenditure of both Court and public resources; however, treating the claims as a class would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establish incompatible standards of conduct for Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

77.     Moreover, current low-wage employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Such retaliation has already occurred in this case.  Former employees are fearful of bringing claims because doing so can harm their current employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

78.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants violated NYLL Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, and supporting New York State Department of Labor regulations, as alleged herein.

(b)     Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York Labor Law.

(c)     Whether Defendants paid Plaintiffs and the Class members at the proper minimum wage rate for all hours worked as required by New York Labor Law.

(d)    At what common rate, or rates subject to common methods of calculation, were Defendants required to pay the Class members for their work.

(e)    Whether Defendants properly compensated Plaintiffs and Class members for hours worked in excess of 40 per workweek.

(f)    Whether Defendants properly paid Plaintiffs and the Class members their spread of hours pay.

(g)    Whether Defendants failed to provide accurate wage notices and wage statements to Plaintiffs and the Class members as required by New York Labor Law.

(h)    Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law.

79.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS-WIDE FACTUAL ALLEGATIONS

80.    Plaintiffs, Class members, and the FLSA Collective Plaintiffs are waiters, bussers, dishwashers, and counter servers at the Royal Coach Diner.

81.    As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs, Class members and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy that violates the FLSA and/or NYLL as described in this class action Complaint.  This policy and pattern or practice includes, but is not limited to, the following:

(a)    Defendants paid Plaintiffs, the Class members, and the FLSA Collective Plaintiffs at hourly rates (as low as $1.75 or $2.00 per hour) significantly below the statutorily required federal and state minimum wage.

(b)    Plaintiffs, the Class members, and the FLSA Collective Plaintiffs regularly worked in excess of forty hours per workweek, but the Defendants failed to pay overtime compensation at a rate of one-and-one half times the regular rate of pay for those hours in each workweek that exceeded forty hours per week.

14

(c)      Plaintiffs, the Class members, and the FLSA Collective Plaintiffs frequently had workdays lasting longer than 10 hours, but Defendants failed to pay "spread of hours" compensation equal to one hour's pay at the minimum wage for each workday in excess of 10 hours.

(d)      Defendants failed to provide the Plaintiffs, the Class members, and the Collective Plaintiffs with proper wage statements and wage notices as required by the NYLL.

82.      Defendants failed to pay Plaintiffs, the Class members and the FLSA Collective Plaintiffs the minimum hourly cash wage permitted for tipped workers under 29 U.SC. § 203(m) and 12 N.Y.C.R.R. § 146-1.3 or 12 N.Y.C.R.R. § 146-2.9. Those sections accordingly may not be utilized by the Defendants.

83.      In any event, Defendants were not entitled to reduce the statutory minimum wage by applying the tip credit allowance that is available under 29 U.SC. § 203(m) and 12 N.Y.C.R.R. § 146-1.3 or 12 N.Y.C.R.R. § 146-2.9.

84.      Defendants failed to inform tipped employees of the provisions of the section of the FLSA permitting the tip credit.

85.      Defendants are thus not entitled to take a tip credit under the FLSA for this reason.

86.      Defendants failed to inform tipped employees of the Defendants' Thaintention to utilize the tip credit allowance.

87.      Defendants are thus also not entitled to take a tip credit under the FLSA and the NYLL for this reason.

88.      Defendants failed to properly and accurately include the tip credit on wage statements.

89.      Defendants are thus also not entitled to take a tip credit under NYLL for this reason.

90.     Defendants failed to maintain daily records of tip income received.

91.     Defendants are thus also not entitled to take a tip credit under NYLL for this reason.

92.     Defendants committed the acts alleged in this complaint knowingly, intentionally, and willfully.  Defendants knew or should have known that they were violating the law.

93.     Defendants knew or should have known that the nonpayment of minimum wage, nonpayment of overtime, and nonpayment of the spread of hours premium would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and Class members (together "Class Members") and violated federal and state laws.

### FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

94.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

95.     Upon information and belief, at all relevant times, each Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of FLSA 29 U.S.C. § 203.

96.     At all relevant times, each Defendant has employed "employees" including Plaintiffs and the FLSA Collective Plaintiffs within the meaning of the FLSA.

97.     Sections 6 and 7 of the FLSA, 29 U.S.C. §§206 and 207, require that every person covered by the FLSA who is "suffered or permitted to work" must be paid a minimum wage for all hours worked and overtime pay at one and one-half times the person's regular rate for all hours worked in excess of forty hours per week.  Section 16(b) of the FLSA, 29 U.S.C. §

216(b), entitles such persons to recover all unpaid wages plus interest, an equivalent amount as liquidated damages, and reasonable attorneys' fees and costs.

98.     At all relevant times, Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

99.     Defendants' failure to pay Plaintiffs and the FLSA Collective Plaintiffs the lawful minimum hourly wage was willful.  Defendants were aware or should have been aware that the practices described herein are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

100.    Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under FLSA 29 U.S.C. § 203(m), and supporting federal regulations, because Defendants failed to properly inform Plaintiffs and the FLSA Collective Plaintiffs of 29 U.S.C. § 203(m) and of the Defendants' intention to utilize the tip credit, and also failed to pay a cash wage of at least $2.13 per hour.

101.    Accordingly, Plaintiffs on behalf of themselves and the FLSA Collective Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF

**(FLSA Overtime Wages Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

102.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

103.     At all relevant times, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

104.     At all relevant times, Defendants have operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at a rate of at least one and one half times the regular rate (here, the minimum wage) for all hours worked in excess of forty (40) hours per workweek in violation of 29 U.S.C. §  207(a)(1).

105.     Defendants' failure to pay Plaintiffs and the FLSA Collective Plaintiffs the lawful overtime wage rate was willful.  Defendants were aware or should have been aware that the practices described herein are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

106.     Accordingly, Plaintiffs on behalf of themselves and the FLSA Collective Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**

**(NY Minimum Wage Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the Class)**

107.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

108.     At all relevant times, each Defendant was an employer of Plaintiffs and the Class within the meaning of New York Labor Law and has employed employees including Plaintiffs and the Class within the meaning of the New York Labor Law.

109.     At all relevant times, Defendants willfully failed to pay Plaintiffs and the Class the lawful minimum hourly wage, in violation of the New York Labor Law, including, but not limited to, NYLL Article 19, § 650 *et. seq.* and its accompanying regulations and orders of the New York State Department of Labor.

110.     Defendants knew or should have known that the practices described in this complaint were unlawful under New York Labor Law.  Defendants' violations of rights of Plaintiffs and the Class were willful.

111.     Defendants were not entitled to a "tip credit" under the NYLL.

112.     Accordingly, Plaintiffs on behalf of themselves and the Class are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law § 663.

## FOURTH CLAIM FOR RELIEF

**(NY Overtime Wage Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the Class)**

113.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

114.     At all relevant times, Defendants failed to pay Plaintiffs and the Class the lawful overtime wages, in violation of the New York Labor Law, including, but not limited to, New York Labor Law § 650 *et. seq.* and its accompanying regulations and orders of the New York State Department of Labor.

115.    Defendants knew or should have known that the practices described in this complaint were unlawful under New York Labor Law.  Defendants' violations of the rights of Plaintiffs and the Class were willful.

116.    Accordingly, Plaintiffs on behalf of themselves and the Class are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law § 663.

## FIFTH CLAIM FOR RELIEF

### (NY Spread of Hours Pay Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the Class)

117.    Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

118.    Plaintiffs and the Class regularly worked more than 10 hours in a workday.

119.    Defendants willfully violated the rights of Plaintiffs and the Class by failing to pay Plaintiffs and the Class an additional one hour's pay at the basic New York minimum hourly wage rate on the days in which the length of the workday was more than 10 hours, in violation of New York Labor Law, including 12 N.Y.C.R.R. § 146-1.6.

120.    Accordingly, Plaintiffs on behalf of themselves and the Class are entitled to recover from Defendants, jointly and severally, their unpaid spread of hours wages, liquidated damages, pre-and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law § 663.

## SIXTH CLAIM FOR RELIEF

### (NYLL, Article 6, § 190 *et seq.* - Notice Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the Class)

121.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

122.     Defendants failed to furnish Plaintiffs and the Class when they were first hired and by February of each year, until 2015, in English and in the language identified by each employee as the primary language of such employee, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## SEVENTH CLAIM FOR RELIEF

### (NYLL, Article 6, § 190 *et seq.* - Wage Statement Claim Against All Defendants – Brought by Plaintiffs on Behalf of Themselves and the Class)

123.     Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

124.     Defendants failed to furnish to Plaintiffs and the Class with every payment of wages a wage statement that included: phone number of employer; correct tip credit allowance; correct minimum wage; and the proper overtime rate.

## EIGHTH CLAIM FOR RELIEF

### (New York Labor Law § 215 and FLSA Section 15(a)(3): Retaliation Against All Defendants – Brought on behalf of Cuautle)

125.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

126.     Plaintiff Cuautle engaged in the protected activity of participating in New York State Department of Labor investigation into Defendants' wage and hour practices, in addition to organizing to file this lawsuit about violations of the Fair Labor Standards Act and New York Labor Law.

127.     Defendants became aware of this activity.

128.     Defendants terminated Cuautle and retaliated against him because of his actions, in violation of 29 U.S.C. § 215(a)(3) and New York Labor Law § 215.

129.     Cuautle is entitled to liquidated damages (in an amount not more than $20,000) and punitive damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class pray for relief as follows:

A. Designating this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216 (b);

B. Designating this action as a class action pursuant to F.R.C.P. 23;

C. Designating Plaintiffs as Representatives of the Class;

D. An award of damages, according to proof, including liquated damages, to be paid by Defendants.

E. Unpaid minimum and overtime wages.

F. Unpaid spread of hours wages.

G. Liquidated damages under the FLSA and NYLL.

H. Declaratory and injunctive relief;

I. As a result of Defendants' willful violations of NYLL § 195(1) for failure to provide wages notices as plead in the Sixth Claim for Relief, damages pursuant to NYLL § 198(1-b) of $50.00 for each workweek Defendants failed to provide Plaintiffs with wage notices between April 9, 2011 through February 26, 2015 (up to a maximum of $2,500), and $50.00 for each work day Defendants failed to provide Plaintiffs with wage notices since February 27, 2015 (up to a maximum of $5,000 per Plaintiff).

J. As a result of Defendants' willful violations of NYLL § 195(3) for failure to provide wages statements as plead in the Seventh Claim for Relief, damages pursuant to NYLL § 198(1-d) of $100.00 for each workweek Defendants failed to provide Plaintiffs with wage statements between April 9, 2011 through February 26, 2015 (up to a maximum of $2,500 per plaintiff), and $250.00 for each work day Defendants failed to provide Plaintiffs with wage statements since February 27, 2015 (up to a maximum of $5,000 per plaintiff).

K. Liquidated and punitive damages for Plaintiff Cuautle under the FLSA and NYLL.

L. Costs of the action incurred herein, including expert fees;

M. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, NYLL §§ 198 and 663, and other applicable statutes;

N. Pre-judgment and post-judgment interest, as provided by law; and

O. Such other and further relief as this Court deems appropriate, just and proper.

Dated: July 27, 2015
       New York, New York

Respectfully submitted,

By: _____

Lorelei Salas
Alice Davis
CATHOLIC MIGRATION SERVICES
47-01 Queens Blvd. Suite 203 B
Sunnyside, New York 11104
(346) 472-3500

By: _____

Thomas Ciantra
Evan Hudson-Plush
Hiram M. Arnaud
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
(212) 563-4100